UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2019 JUN 26 AM 9: 25

CLERK

BY _____
DEPUTY CLERK

|   |   |
|---|---|
| MATTHEW CHANNON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 5:19-cv-69 |
| ) | |
| BRAD LAROSE, ) | |
| United States Marshals' Service, ) | |
| ) | |
| Respondent. ) | |

**ORDER**
(Doc. 1)

On May 2, 2019, petitioner Matthew Channon, now a federal prisoner, representing himself, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 against United States Marshal Bradley LaRose. (Doc. 1.) He challenges the validity of his conviction or sentence imposed by the United States District Court for the District of New Mexico for wire fraud and conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1343, 1349. *Id.* at 2; *see also United States v. Channon*, 1:13-cr-966 (D.N.M. Jan. 22, 2016).[1] For the reasons discussed below, Mr. Channon's § 2241 petition is dismissed.

Petitioner and his wife, Brandi Channon, were convicted by a jury of wire fraud and conspiracy to commit wire fraud relating to a scheme to defraud retailer OfficeMax. Petitioner was sentenced to imprisonment of one year and a day, and two years' supervised release, as well as restitution in the amount of $96,278. He is currently incarcerated at Brooklyn Metropolitan Detention Center, in Brooklyn, New York after having surrendered to Marshal LaRose, the U.S. Marshal in Vermont.

---

[1] His conviction was affirmed on direct appeal. *United States v. Channon*, 881 F.3d 806 (10th Cir. 2018).

28 U.S.C. § 2241 provides that district courts may grant writs "within their respective jurisdictions." 28 U.S.C. § 2241. The Supreme Court has interpreted this language to require "nothing more than that the court issuing the writ have jurisdiction over the custodian." *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (internal quotation marks omitted). Here, because Mr. Channon is currently incarcerated in New York, Marshal LaRose does not have custody of him and this court lacks jurisdiction over the proper respondent to the petition. Therefore, Mr. Channon may not maintain a § 2241 habeas action in this district.

Mr. Channon's petition, however, does not challenge his present—or former—custody but instead attempts to bring a claim challenging his conviction and sentence as imposed by the District Court for the District of New Mexico. (*See* Doc. 1 at 3.) A motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner can challenge a conviction or sentence that allegedly violates the Constitution or federal laws or that is otherwise subject to collateral attack. *See Davis v. United States*, 417 U.S. 333, 343 (1974). Such a challenge is properly directed to "the court which imposed the sentence." 28 U.S.C. § 2255(a). Since this Court did not impose the challenged conviction or sentence, it would also lack jurisdiction to adjudicate a motion filed under § 2255.

The next issue for the court to consider is whether the matter should be transferred to the district where Mr. Channon is incarcerated so that he may assert his claims under § 2241 in the court that has jurisdiction over his custodian, or the district where he was convicted so that he may assert his claims under § 2255. Federal habeas corpus proceedings are civil proceedings governed by the statutes and rules which apply generally to civil litigation. *See, e.g.*, 28 U.S.C. § 2242 ("Application for a writ of habeas corpus . . . may be amended or supplemented as provided in the rules of procedure applicable to civil actions."). Accordingly, Mr. Channon's

petition is subject to the general rules governing venue in civil litigation, including 28 U.S.C. §§ 1404 and 1406. Under § 1404: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Under § 1406: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

The court does not find transfer warranted in this case. Because Mr. Channon's petition clearly seeks to challenge his conviction and sentence, it should be brought under § 2255. Accordingly, the proper jurisdiction and venue for the motion is the District of New Mexico where Mr. Channon was convicted and sentenced. Mr. Channon presently has a Motion to Vacate, Set Aside or Correct Sentence under § 2255 pending in the District Court for the District of New Mexico. *See Channon v. United States*, No. 1:19-cv-200 (D.N.M. Apr. 15, 2019); *see also Wells v. United States*, 318 U.S. 257, 260 (1943) (noting that a federal district court may take judicial notice of habeas proceedings brought by the same party in other federal courts). Given Mr. Channon's currently pending motion in the District of New Mexico, the court considers his filing in this district to be a strategic choice made by Mr. Channon. Given the limitations on second or successive filings, *see* 28 U.S.C. §§ 2244(b), 2255(h), the court concludes that transferring this action is not appropriate and will dismiss this action without prejudice.

## Conclusion

For the reasons discussed above, this court lacks jurisdiction to adjudicate Mr. Channon's habeas corpus petition (Doc. 1), therefore it is DISMISSED.

SO ORDERED.

Dated at Rutland, in the District of Vermont, this 25th day of June, 2019.

_____
Geoffrey W. Crawford, Chief Judge
United States District Court